Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| CARLIAIN MILLER, ) | |
| ) | |
| Plaintiff, ) | Cause No. 26-CC02261 |
| ) | |
| VS. ) | Division No. 16 |
| ) | |
| CAMRYN DAY ) | Personal Injury – Premises |
| ) | |
| and ) | DEMAND FOR JURY TRIAL |
| ) | |
| QUIKTRIP CORPORATION d/b/a ) | |
| QuikTrip #628 ) | |
| Serve: CT Corporation, Registered Agent ) | |
| 120 South Central Avenue, Suite 400 ) | |
| St. Louis, MO 63105 ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED PETITION**
**COUNT I**

COMES NOW plaintiff Carliain Miller and for her cause of action against

defendant Camryn Day (hereinafter "defendant Day") states as follows:

1.      That plaintiff's cause of action arises out of a fall and personal injuries

sustained in the County of St. Louis, Missouri, thus this Court has jurisdiction and venue

of the matters and parties herein by virtue of §508.101 RSMo.

2.      That at all times relevant hereto, defendant Day was an employee, and

furthering the business interests, of defendant QuikTrip at its store located at 2791 Dunn

Road, in the County of St. Louis, Missouri.

3       That at all times relevant hereto, plaintiff was upon the aforementioned

premises as a business invitee.

Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

4.　　That on the 21st of September, 2024, while on the aforementioned premises, plaintiff was caused to suffer a fall and the hereinafter described injuries all as a direct result of the negligence of defendant Day as hereinafter outlined.

5.　　That defendant Day caused, allowed, and/or permitted a slippery substance to be on the floor inside of the aforementioned premises when in the exercise of the appropriate degree of care, Defendant knew or could have known in time to have remedied same prior to plaintiff's fall and that said area was not reasonably safe for persons walking thereon.

6.　　That at all times relevant hereto, defendant Day owed a duty to exercise reasonable care in making the premises safe for plaintiff.

7.　　That at all times relevant hereto, defendant Day had notice of the aforesaid unsafe condition of the premises.

8.　　That at all times relevant hereto, defendant Day caused the aforesaid unsafe condition of the premises.

9.　　That at all times relevant hereto, the aforesaid unsafe condition was present for an adequate period of time that defendant Day knew or by ordinary care could have known of this unsafe condition.

10.　　That at all times relevant hereto, defendant Day by exercising reasonable care, could have made the premises safe for plaintiff and other invitees, licensees, and business visitors.

11.　　That the aforesaid occurrence and injuries to plaintiff were the direct result

Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

of the negligence of defendant Day in the following particulars, to wit:

    a.   That the portion of the aforesaid premises where plaintiff suffered her fall contained a slippery substance and was not reasonably safe for persons walking thereon;

    b.   Defendant Day or by using ordinary care could have known of this unsafe condition;

    c.   Defendant Day failed to use ordinary care to either remove the unsafe condition, warn of the unsafe condition, make the unsafe condition reasonably safe or remedy the unsafe condition;

12.    That as the direct result of the negligence of defendant Day as aforesaid, plaintiff was painfully and permanently injured in the following respects, to-wit: that plaintiff's low back and knees and all of the bones, joints, muscles, tendons, ligaments, nerves and membranes thereof were bruised, torn, contused, wrenched, sprained, strained, rendered swollen, irritated, inflamed and weakened; that plaintiff underwent medical care and treatment for her aforesaid injuries and will likely require additional care and treatment for said injuries and resulting condition; that all of said injuries and effects are serious and permanent and the function and use of said parts and organs are impaired, diminished and made painful; that plaintiff's ability to work labor, earn income and enjoy life have and in the future will be impaired; and that plaintiff has incurred medical expenses as a result of the injuries suffered in an amount to be determined and is likely incur additional medical expenses due to said injuries.

Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

WHEREFORE, Plaintiff, under Count I hereof, prays judgment against defendant Day for such sum which is fair and reasonable in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) to compensate plaintiff for the injuries and damages she suffered together with her costs expended herein.

## COUNT II

COMES NOW plaintiff Carliain Miller and for her cause of action against defendant QuikTrip Corporation states as follows:

13. Plaintiff repeats, realleges, and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 12 as though fully set forth herein in Count II.

14. That plaintiff's cause of action arises out of a fall and personal injuries sustained in the County of St. Louis, Missouri, thus this Court has jurisdiction and venue of the matters and parties herein by virtue of §508.101 RSMo.

15. That at all times relevant hereto, defendant QuikTrip Corporation's registered agent is CT Corporation System, 120 South Central Avenue, St. Louis, MO 63105 and that service of process upon CT Corporation System is service of process upon defendant QuikTrip Corporation.

16. That at all times relevant hereto, defendant QuikTrip Corporation (hereinafter "QuikTrip) owned and or operated a QuikTrip facility located at 2791 Dunn Road, in the County of St. Louis, Missouri, also known as QuikTrip Store #628.

17.    That at all times relevant hereto, the hereinafter acts and omissions of defendant QuikTrip were committed by its agents, servants and employees acting in the course and scope of and in furtherance of the business interests of defendant.

18.    That at all times relevant hereto, plaintiff was upon the aforementioned premises as a business invitee of defendant QuikTrip.

19.    That on the 21h of September, 2024, while on the aforementioned premises, plaintiff was caused to suffer a fall and the hereinafter described injuries all as a direct result of the negligence of this defendant as hereinafter outlined.

20.    That defendant QuikTrip, caused, allowed and/or permitted a slippery substance to remain on the floor of its store when in the exercise of the appropriate degree of care, defendant QuikTrip knew or could have known in time to have remedied same prior to plaintiff's fall and that said area was not reasonably safe for persons walking thereon.

21.    That at all times relevant hereto, defendant QuikTrip voluntarily undertook and assumed a duty to care for and protect its customers, including plaintiff.

22.    That at all times relevant hereto, defendant QuikTrip owed a duty to exercise reasonable care in making the premises safe for plaintiff and other customers.

23.    That at all times relevant hereto, defendant QuikTrip had control, custody, and occupancy of the aforementioned premises.

24.    That at all times relevant hereto, defendant QuikTrip was the occupier of the aforementioned premises responsible for maintaining the premises in a safe condition.

Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

25.    That at all times relevant hereto, defendant QuikTrip had notice of the aforesaid unsafe condition of the premises, by virtue of its methods of operation.

26.    That at all times relevant hereto, defendant QuikTrip caused the aforesaid unsafe condition of the premises.

27.    That at all times relevant hereto, the aforesaid unsafe condition was present for an adequate period of time that defendant QuikTrip knew or by ordinary care could have known of this unsafe condition.

28.    That at all times relevant hereto, defendant QuikTrip, by exercising reasonable care, could have made the premises safe for plaintiff and other invitees, licensees and business visitors.

29.    That the aforesaid occurrence and injuries to plaintiff were the direct result of the negligence of defendant QuikTrip in the following particulars, to wit:

a.    That the portion of defendant QuikTrip's premises where plaintiff suffered her fall contained a slippery substance and was not reasonably safe for persons walking thereon;

b.    Defendant QuikTrip knew or by using ordinary care could have known of this unsafe condition;

c.    Defendant QuikTrip failed to use ordinary care to either remove the unsafe condition, warn of the unsafe condition, make the unsafe condition reasonably safe or remedy the unsafe condition;

Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

30.    That as the direct result of the negligence of defendant QuikTrip, through its agents and employees as aforesaid, plaintiff was painfully and permanently injured in the following respects, to-wit: that plaintiff's low back and knees and all of the bones, joints, muscles, tendons, ligaments, nerves and membranes thereof were torn, bruised, contused, wrenched, sprained, strained, rendered swollen, irritated, inflamed and weakened; that plaintiff underwent medical care and treatment for her aforesaid injuries and will likely require additional care and treatment for said injuries and resulting condition; that all of said injuries and effects are serious and permanent and the function and use of said parts and organs are impaired, diminished and made painful; that plaintiff's ability to work labor, earn income and enjoy life have and in the future will be impaired; and that plaintiff has incurred medical expenses as a result of the injuries suffered in an amount to be determined and is likely incur additional medical expenses due to said injuries.

WHEREFORE, Plaintiff prays judgment against defendant QuikTrip Corporation under Count II hereof for such sum which is fair and reasonable in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to compensate plaintiff for the injuries and damages she suffered together with her costs expended herein.

Electronically Filed - ST LOUIS COUNTY - April 08, 2026 - 08:10 PM

HOFFMAN & GELFMAN
ATTORNEYS, P. C.

/s/ Steven M. Gelfman
Steven M. Gelfman    #48207
133 S. 11th Street, Suite 310
St. Louis, MO    63105
(314) 241-1020 - telephone
(314) 241-1023 – facsimile
Steve@attorneyStl.com
Attorneys for Plaintiff

8